UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>v.<br><br>$2,182.00 IN UNITED STATES CURRENCY;<br>    *Defendant*.<br><br>[CLAIMANT:  CARLETON FORBES] | Civil No.<br><br><br><br><br><br><br><br>March 2, 2023 |

## VERIFIED COMPLAINT OF FORFEITURE

Now comes Plaintiff, United States of America, by and through its attorneys, Vanessa Roberts Avery, United States Attorney for the District of Connecticut, and David C. Nelson, Assistant United States Attorney, and respectfully states that:

1. This is a civil *in rem* action brought to enforce the provisions of 21 U.S.C. § 881(a)(6), which provides for the forfeiture of proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq*.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 & 1355. Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

3. The Defendant is $2,182.00 in United States Currency ("Defendant Asset").

4. The Defendant Asset is located within the jurisdiction of this Court.

5. On December 9, 2022, Carleton Forbes submitted an administrative claim of ownership to the Defendant Asset $2,182.00 in United States Currency.

**Background of Investigation**

6. On October 5, law enforcement executed three Federal Search and Seizure Warrants on The Hole in the Wall, also know as, Hole-in-da-Wall, L.L.P., a clothing store located at 136 Barbour Street, Hartford, Connecticut ("Store").

7. Upon approaching the Store, law enforcement located and secured three individuals who were standing in front of the store.

8. After making entry into the Store, several individuals were located in the front of the Store while several others were located in the back of the store, attempting to flee from law enforcement through the back door of the Store. After securing the above-referenced individuals, law enforcement began a search of the location.

9. During a search of the back room of the Store, law enforcement located and seized two handguns, drug packaging materials, a digital scale and various narcotics.

10. During a search of the front room, law enforcement located and seized one ghost gun, three handguns, a digital scale, various narcotics and four bags, each containing cash and marijuana. The case seized from the Store totaled $2,182.00 in United States Currency.

11. After securing the individuals within the Store and locating the numerous items of evidentiary value, law enforcement conducted a search of Karlis Manson (an individual located in the back room attempting to flee law enforcement)'s Blue 2019 Infiniti Qx60. An officer employing a canine unit conducted an exterior sniff of the Infiniti with the canine alerting to the driver door and handle. After law enforcement unlocked the Infiniti, the canine continued to alert to the presence of narcotics within the vehicle. Law enforcement located and seized numerous narcotics and $8,209.00 in United States Currency.

12. The total of narcotics seized from the Store and Manson's Infiniti was 550 grams of cocaine, 125 grams of cocaine base, 31 fake fentanyl "M30" pills, 69 MDMA pills, 447 grams of mushrooms, and 80 pounds of marijuana along with 12 handguns.

13. Karlis Manson and Camron Hill, and employee of the Store were arrested on narcotics charges.

14. Carleton Forbes, the registered Agent for the Store and Claimant as to the Defendant Asset $2,182.00, was not present at the Store at the time of the executions of the warrants.

15. After the seizure, the DEA commenced administrative forfeiture proceedings against the defendant asset. Forbes made a claim to the asset.

16. In his claim, when responding to the question: "[P]lease explain why you have a valid, good faith, and legally recognizable interest in this asset," Forbes wrote, "It money that belongs to and I wasn't aware that it was seized by anyone." Later, on a different form, when responding to the same question, Forbes wrote: "I have interest in this asset is because I was owed this and I never received it."

17. Similarly, in response to the question: "[P]lease list any documents you are including in support of your interest in the asset(s). If none are included, please explain why," Forbes wrote, "No I don't have any other documents."

18. Based on Forbes responses on the administrative claim form as well as the fact that the defendant asset was discovered in different bags with various amounts of drugs while Forbes was not present, it is does not appear that he has an ownership interest the defendant asset or standing to contest its forfeiture.

**CONCLUSION**

19. Based on the above information, it is believed that $2,182.00 in United States Currency constitutes proceeds from the illegal sale and distribution of narcotics and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

20. The Defendant Asset represents proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

Wherefore, the United States of America prays that a Warrant of Arrest In Rem be issued for $2,182.00 in United States Currency; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the property to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

VANESSA ROBERTS AVERY,
UNITED STATES ATTORNEY

By:     /S/ David C. Nelson
      David C. Nelson (ct25640)
      Assistant U.S. Attorney
      157 Church Street, 24th Floor
      New Haven, Connecticut 06510
      Tel:   (203) 821-3700
      Fax:   (203) 773-5373
      David.C.Nelson@usdoj.gov

**DECLARATION**

I am a Task Force Officer with the Drug Enforcement Administration, United States Department of Justice, and the individual assigned the responsibility for this case.

I have read the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 2nd day of March 2023.

                                        /s/ Brian Herrmann
                                        BRIAN HERRMANN
                                        TASK FORCE OFFICER, DEA